Sud 1-13-17 @ 1152 Am
RMcGregor / AMS

STATE OF WISCONSIN     CIRCUIT COURT     WINNEBAGO COUNTY

WINNEBAGO APARTMENT
ASSOCIATION, INC.
P.O. Box 3173
Oshkosh, WI 54903,

DISCOVERY PROPERTIES, LLC
230 Ohio Street
Oshkosh, WI 54902,

17CV00046BR4

Case No. _____
Case Code: 30701, 30704

MIDWEST REALTY MANAGEMENT,
INC.
2990 Universal Street
Oshkosh, WI 54904,

SCHWAB PROPERTIES, LLC
601 Oregon Street
Oshkosh, WI 54902,

ULTIMATE PROPERTIES, LLC
P.O. Box 190
Winneconne, WI 54968,



FILED
JAN 13 2017
WINNEBAGO COUNTY
CLERK OF COURTS
CIVIL/FAMILY DIVISION

DONN LORD
743 West 10th Avenue
Oshkosh, WI 54902,

JORDAN HANSEN
1105 Wisconsin Street
Oshkosh, WI 54901,

LYN KOLF
619A East Parkway Avenue
Oshkosh, WI 54901,

ALEX OBERTHALER
1115 Elmwood Avenue
Oshkosh, WI 54901,

and

AUSTIN VIKE
813 Scott Avenue
Oshkosh, WI 54901,

Plaintiffs,

v.

CITY OF OSHKOSH
215 Church Avenue
Oshkosh, WI 54903,

CITY OF OSHKOSH COMMON COUNCIL
215 Church Avenue
Oshkosh, WI 54903,

and

JOHN ZARATE, in his official capacity as
the City of Oshkosh Chief Building Official
215 Church Avenue
Oshkosh, WI 54903,

Defendants.

## SUMMONS

STATE OF WISCONSIN:

To each person named above as a Defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The complaint is attached and states the nature and basis of the legal action.

Within 45 days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Winnebago County Courthouse, 415 Jackson Street, 4th Floor, Oshkosh, WI 54903, and to Plaintiffs' attorneys, Eric M. McLeod and Jeffrey L. Vercauteren, Husch Blackwell LLP, P.O. Box 1379, Madison, Wisconsin 53701-1379. You may have an attorney help or represent you.

2

Case 1:17-cv-00154-WCG    Filed 02/02/17    Page 2 of 14    Document 2-1

If you do not provide a proper answer within 45 days, the Court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 12th day of January, 2017.

HUSCH BLACKWELL LLP
*Attorneys for Plaintiffs*

By: _____
Eric M. McLeod
State Bar No. 1021730
Jeffrey L. Vercauteren
State Bar No. 1070905
33 East Main Street, Suite 300
P.O. Box 1379
Madison, WI 53701-1379
Telephone: (608) 255-4440
Facsimile: (608) 258-7138
eric.mcleod@huschblackwell.com
jeff.vercauteren@huschblackwell.com

STATE OF WISCONSIN    CIRCUIT COURT    WINNEBAGO COUNTY

WINNEBAGO APARTMENT
ASSOCIATION, INC.
P.O. Box 3173
Oshkosh, WI 54903,

DISCOVERY PROPERTIES, LLC
230 Ohio Street
Oshkosh, WI 54902,

MIDWEST REALTY MANAGEMENT,
INC.
2990 Universal Street
Oshkosh, WI 54904,

SCHWAB PROPERTIES, LLC
601 Oregon Street
Oshkosh, WI 54902,

ULTIMATE PROPERTIES, LLC
P.O. Box 190
Winneconne, WI 54968,

DONN LORD
743 West 10th Avenue
Oshkosh, WI 54902,

JORDAN HANSEN
1105 Wisconsin Street
Oshkosh, WI 54901,

LYN KOLF
619A East Parkway Avenue
Oshkosh, WI 54901,

ALEX OBERTHALER
1115 Elmwood Avenue
Oshkosh, WI 54901,

and

AUSTIN VIKE
813 Scott Avenue
Oshkosh, WI 54901,

17CV00046BR4

Case No. _____
Case Code: 30701, 30704



FILED JAN 1 3 2017 WINNEBAGO COUNTY CLERK OF COURTS CIVIL/FAMILY DIVISION

Plaintiffs,

v.

CITY OF OSHKOSH
215 Church Avenue
Oshkosh, WI 54903,

CITY OF OSHKOSH COMMON COUNCIL
215 Church Avenue
Oshkosh, WI 54903,

and

JOHN ZARATE, in his official capacity as
the City of Oshkosh Chief Building Official
215 Church Avenue
Oshkosh, WI 54903,

Defendants.

## COMPLAINT

Plaintiffs, Winnebago Apartment Association, Inc.; Discovery Properties, LLC; Midwest Realty Management, Inc.; Schwab Properties, LLC; Ultimate Properties, LLC; Donn Lord; Jordan Hansen; Lyn Kolf; Alex Oberthaler; and Austin Vike (collectively "Plaintiffs"), by and through their counsel, and for their Complaint, state and allege as follows.

### INTRODUCTION

1. This Complaint is brought pursuant to Wis. Stat. § 806.04 and 42 U.S.C. § 1983. At issue in this case is an ordinance enacted by Defendants on September 15, 2016 establishing a program for the registration and inspection of residential rental dwelling units. Defendants began implementing and enforcing the inspection program authorized by the ordinance as of January 1, 2017.

2

2. Plaintiffs are apartment owners and tenants in the City of Oshkosh who own or rent property subject to the inspection ordinance. Plaintiffs have protected property interests in apartment buildings and units affected by the ordinance.

3. The ordinance violates the Fourth Amendment of the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, because the ordinance does not require an inspection warrant to be issued prior to conducting inspections of residential rental dwelling units in the City, thereby depriving Plaintiffs of the rights and privileges secured by the Fourth Amendment, in violation of 42 U.S.C. § 1983.

4. The Ordinance also does not comply with the provisions of Wis. Stat. § 66.0104(2)(d) and (e), Wis. Stat. § 66.0119 or Wis. Stat. § 66.0628, which place restrictions on the ability of municipalities to regulate rental housing.

5. Through this Complaint, Plaintiffs seek a declaration that the ordinance violates Plaintiffs' rights under the Fourth Amendment to the United States Constitution; that the ordinance does not comply with the provisions of Wis. Stat. § 66.0104(2)(d) and (e), Wis. Stat. § 66.0119 or Wis. Stat. § 66.0628; and that the ordinance is void and unenforceable. Plaintiffs also seek an order permanently enjoining Defendants and their officers, agents, servants, and employees from implementing or enforcing the ordinance, and a temporary injunction during the pendency of this action.

### PARTIES

6. The Winnebago Apartment Association, Inc. is an association of apartment owners organized as a Wisconsin non-stock corporation with a principal address of P.O. Box 3173, Oshkosh, WI 54903, the members of which own residential rental property in the City of Oshkosh.

3

7. Discovery Properties, LLC is a Wisconsin limited liability company with a principal address of 230 Ohio Street, Oshkosh, WI 54902, and owns residential rental property in the City of Oshkosh. The principal agent is Randy Schmiedel.

8. Midwest Realty Management, Inc. is a Wisconsin corporation with a principal address of 2990 Universal Street, Oshkosh, WI 54904, and owns residential rental property in the City of Oshkosh. The principal agent is Rod Oilschlager.

9. Schwab Properties, LLC is a Wisconsin limited liability company with a principal address of 601 Oregon Street, Oshkosh, WI 54902, and owns residential rental property in the City of Oshkosh. The principal agent is Grant Schwab.

10. Ultimate Properties, LLC is a Wisconsin limited liability company with a principal address of P.O. Box 190, Winneconne, WI 54968-0190, and owns residential rental property in the City of Oshkosh. The principal agent is Jeff Wicinsky.

11. Donn Lord is a Wisconsin resident with an address of 743 West 10th Avenue, Oshkosh, WI 54902, and owns residential rental property in the City of Oshkosh.

12. Jordan Hansen is a Wisconsin resident with an address of 1105 Wisconsin Street, Oshkosh, WI 54901, and rents residential rental property in the City of Oshkosh.

13. Lyn Kolf is a Wisconsin resident with an address of 619A East Parkway Avenue, Oshkosh, WI 54901, and rents residential rental property in the City of Oshkosh.

14. Alex Oberthaler is a Wisconsin resident with an address of 1115 Elmwood Avenue, Oshkosh, WI 54901, and rents residential rental property in the City of Oshkosh.

15. Austin Vike is a Wisconsin resident with an address of 813 Scott Avenue, Oshkosh, WI 54901, and rents residential rental property in the City of Oshkosh.

16. The City of Oshkosh (the "City") is a Wisconsin municipal corporation with a principal address of 215 Church Avenue, Oshkosh, WI 54901.

17. The City of Oshkosh Common Council (the "Common Council") is a governing body of the City of Oshkosh with a principal address of 215 Church Avenue, Oshkosh, WI 54901.

18. John Zarate is the Chief Building Official for the City of Oshkosh with a principal address of 215 Church Avenue, Oshkosh, WI 54901. As the Chief Building Official, Mr. Zarate is responsible for, among other duties, implementing and enforcing the Ordinance, as defined below. Mr. Zarate has been added as a party Defendant solely in his official capacity as the Chief Building Official.

## JURISDICTION AND VENUE

19. This Court has jurisdiction pursuant to Wis. Stat. § 806.04.

20. Venue is proper in this Court pursuant to Wis. Stat. § 801.50(2).

21. Although not required for claims pursuant to 42 U.S.C. § 1983, Plaintiffs served Defendants with a Notice of Claims pursuant to Wis. Stat. § 893.80 on September 30, 2016.

22. The Attorney General for the State of Wisconsin will be served with a copy of this Complaint pursuant to Wis. Stat. § 806.04(11).

## FACTS

23. On June 28, 2016, the Common Council introduced a proposed ordinance establishing a program for the registration and inspection of residential rental dwelling units in the City.

24. Following the introduction of the proposed ordinance, the Association engaged in multiple discussions with the City in an attempt to address violations of state law and federal

5

constitutional rights and protections of residential rental dwelling unit owners and residents in the proposed ordinance.

25. Despite the efforts of the Association, on September 15, 2016 the Common Council approved the ordinance, which was adopted as Sections 16-47–16-51 of Division 6 of the City Ordinances. The Residential Rental Contact Registration and Inspection Program (the "Inspection Program" or the "Ordinance") authorizes the Oshkosh Inspection Services Division (the "Division") and the Chief Building Official to implement a program for inspections of residential rental dwelling units.

26. The Ordinance allows the City to inspect all rental properties in the City, with or without cause. These searches are to be conducted by City staff with an unspecified fee assessed on the owner of the residential rental dwelling unit regardless of whether City inspectors are able to gain access and actually conduct an inspection in the dwelling unit.

27. The Ordinance does not require City inspectors to obtain an inspection warrant before conducting inspections or to inform owners or residents of their rights to deny entry to the City inspector without cause.

28. The Ordinance requires that each property owner file a residential rental contact informational form with the Division each year, and also requires that all residential rental dwelling units be registered with the Division prior to tenant occupancy.

29. The Ordinance does not include any safeguards to assure that the Ordinance and any inspections conducted pursuant thereto will comply with federal and state law. Specifically, it does not:

- define how frequently the "regularly scheduled inspections" will be conducted or how properties will be selected for inspection;

6

- require the inspector to notify building owners and tenants that an inspection is voluntary and cannot be required without a special inspection warrant;

- clarify that either the building owner or the tenant can refuse admittance to the inspector, as both have protected property and privacy rights in the building unit, and does not describe who may consent for multi-tenant property;

- define what type of "code violations" or other alleged violations of local or state law the search is intended to locate;

- identify the amount of the inspection fee or how the fee has a reasonable relationship to the reasonable costs to the municipality; or

- describe who may lawfully make a request for an inspection or a complaint or how a request or complaint will be verified.

30. Beginning on or about September 15, 2016, the City began implementing and enforcing the residential rental contact registration provisions of the Ordinance.

31. On or about January 1, 2017, the City began implementing and enforcing the residential rental inspection provisions of the Ordinance.

32. Plaintiffs each own or rent property in the City subject to the Ordinance. Plaintiffs each have protected property interests in apartment buildings and units affected by the Ordinance and subject to registration and inspection pursuant to the Ordinance.

## COUNT I
## DECLARATORY RELIEF – FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION – UNCONSTITUTIONAL SEARCH AND SEIZURE

33. Plaintiffs restate and reallege paragraphs 1 through 30 above as if set forth fully herein.

34. Under the Fourth Amendment to the United States Constitution, a search of private property without proper consent is unreasonable unless it has been authorized by a valid search warrant. This rule, which applies to the states via the Fourteenth Amendment, is applicable to both commercial premises and private dwellings.

35. Administrative searches are significant intrusions on the interests protected by the Fourth Amendment and must be authorized and conducted pursuant to a warrant procedure. A warrant to enforce a fire, housing or sanitation code must be part of a reasonable regulatory package supporting compulsory inspections.

36. The Ordinance does not contain the inspection requirements needed to be part of a reasonable regulatory package, nor does it address the standards for the issuance of inspection warrants. The City cannot conduct inspections without probable cause and any inspection must be reasonable, including the scope, frequency and cost of the inspection. The Ordinance fails to meet these requirements.

37. A landlord and tenant each have a protected property interest in a residential rental property, and neither party can consent to a search in violation of the other party's protected property interests.

38. The Ordinance does not require an inspection warrant, and does not require both the landlord and tenant to consent to a search, and therefore the Ordinance authorizes a warrantless inspection of residential rental property.

39. The Ordinance violates the Fourth Amendment because it does not require an inspection warrant to be issued prior to conducting inspections of residential rental dwelling units in the City.

8

40. Searches conducted pursuant to the Ordinance constitute an unreasonable search and seizure under the Fourth Amendment.

41. The Ordinance violates the fundamental protections provided by the Fourth Amendment held by property owners and rental housing tenants to be free from unreasonable searches and seizures.

42. The Ordinance deprives landlords and tenants of the rights and privileges secured by the Fourth Amendment, in violation of 42 U.S.C. § 1983.

43. Because the Ordinance is unconstitutional and otherwise invalid or unenforceable under state and federal law, the City must be enjoined from implementing it.

44. Plaintiffs are entitled, pursuant to 42 U.S.C. § 1983, to an order enjoining the implementation and enforcement of the Ordinance, and are entitled, pursuant to 42. U.S.C. § 1988, to collect their reasonable attorney fees and other litigation expenses.

**COUNT II**
**DECLARATORY RELIEF – VIOLATIONS OF WIS. STAT. § 66.0104(2)(D) AND (E), WIS. STAT. § 66.0119 AND WIS. STAT. § 66.0628**

45. Plaintiffs restate and reallege paragraphs 1 through 42 above as if set forth fully herein.

46. The Ordinance violates Wis. Stat. § 66.0104(2)(d) and (e), Wis. Stat. § 66.0119 and Wis. Stat. § 66.0628.

47. Wis. Stat. § 66.0104 places restrictions on municipalities with respect to the regulation of rental housing. Specifically, a local ordinance must comply with Wis. Stat. § 66.0104(2)(d), which limits the information a municipality can require a landlord to communicate to tenants or to the municipality. The Ordinance violates this provision by requiring landlords to communicate certain information to tenants and to the City.

9

48. Additionally, Wis. Stat. § 66.0104(2)(e) limits the ability of a municipality to require inspections of rental housing and charge fees for such inspections, including that any inspection program must comply with the special inspection warrant requirements in Wis. Stat. § 66.0119. Any fee must also comply with Wis. Stat. § 66.0628, including having a reasonable relationship to the municipality's reasonable direct costs. The Ordinance violates these provisions by not requiring the City to comply with the special inspection warrant requirements and by failing to specify a fee having a reasonable relationship to the municipality's reasonable direct costs.

49. The Ordinance therefore does not comply with the provisions of Wis. Stat. § 66.0104(2)(d) and (e), Wis. Stat. § 66.0119 or Wis. Stat. § 66.0628.

50. Plaintiffs are entitled to a declaration that the Ordinance violates Wis. Stat. § 66.0104(2)(d) and (e), Wis. Stat. § 66.0119 and Wis. Stat. § 66.0628.

51. This action is proper for declaratory judgment pursuant to Wis. Stat. § 806.04.

WHEREFORE, Petitioners respectfully request that the Court:

A. Declare that the Ordinance violates Plaintiffs' rights under the Fourth Amendment to the United States Constitution;

B. Declare that the Ordinance violates the provisions of Wis. Stat. § 66.0104(2)(d) and (e), Wis. Stat. § 66.0119 and Wis. Stat. § 66.0628;

C. Declare the Ordinance void and unenforceable;

D. Permanently enjoin Defendants and their officers, agents, servants, and employees from implementing or enforcing the Ordinance;

E. Enter a Temporary Injunction in order to maintain the *status quo* and prevent irreparable harm to Plaintiffs during the pendency of this proceeding.

F. Award Plaintiffs their attorney fees and costs based on their claims under 42 U.S.C. § 1983 and pursuant to 42 U.S.C. § 1988.

G. Award all other costs and reasonable attorney fees to Plaintiffs; and

H. Grant such further relief as the Court deems just and equitable.

Dated this 12th day of January, 2017.

HUSCH BLACKWELL LLP
*Attorneys for Plaintiffs*

By: _____
Eric M. McLeod
State Bar No. 1021730
Jeffrey L. Vercauteren
State Bar No. 1070905
33 East Main Street, Suite 300
P.O. Box 1379
Madison, WI 53701-1379
Telephone: (608) 255-4440
Facsimile: (608) 258-7138
eric.mcleod@huschblackwell.com
jeff.vercauteren@huschblackwell.com