STATE OF WISCONSIN     CIRCUIT COURT     WINNEBAGO COUNTY

WINNEBAGO APARTMENT
ASSOCIATION, INC.,
DISCOVERY PROPERTIES, LLC,
MIDWEST REALTY MANAGEMENT, INC.,
SCHWAB PROPERTIES, LLC,
ULTIMATE PROPERTIES, LLC,
DONN LORD, JORDAN HANSEN, LYN
KOLF, ALEX OBERTHALER, and
AUSTIN VIKE,

         Plaintiffs,      CASE NO. 17-CV-00046

v.

CITY OF OSHKOSH, CITY OF OSHKOSH
COMMON COUNCIL, and JOHN ZARATE,

         Defendants.

## CITY OF OSHKOSH, CITY OF OSHKOSH COMMON COUNCIL, AND JOHN ZARATE'S ANSWER AND AFFIRMATIVE DEFENSES

City of Oshkosh, City of Oshkosh Common Council, and John Zarate, through their attorneys, ARENZ, MOLTER, MACY, RIFFLE & LARSON, hereby submit the following Answer and Affirmative Defenses to Plaintiffs' Complaint:

### INTRODUCTION

1. Answering ¶ 1, admit that Plaintiffs bring this action pursuant to Wisconsin State-law and federal law challenging a City of Oshkosh ordinance. With respect to all remaining allegations, deny Plaintiffs' description is either complete or correct.

2. Answering ¶ 2, lack knowledge and information sufficient to form a belief as to Plaintiffs' real estate ownership and therefore deny the same putting Plaintiffs specifically to their proof thereon. The remainder of this paragraph states conclusions of law for which no

1

DEFENDANT'S
EXHIBIT
B

answer is required and to the extent any factual assertion is made, deny Plaintiffs' description is either complete or correct.

3. Answering ¶ 3, deny.

4. Answering ¶ 4, deny.

5. Answering ¶ 5, admit that Plaintiffs seek legal declarations relating to the ordinance and a permanent injunction; however, deny Plaintiffs' rights were violated or infringed upon by these Answering Defendants.

**PARTIES**

6. Answering ¶ 6, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

7. Answering ¶ 7, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

8. Answering ¶ 8, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

9. Answering ¶ 9, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

10. Answering ¶ 10, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

11. Answering ¶ 11, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

12. Answering ¶ 12, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

13. Answering ¶ 13, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

14. Answering ¶ 14, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

15. Answering ¶ 15, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

16. Answering ¶ 16, admit that the City of Oshkosh is a municipal entity existing and operating pursuant to Wisconsin law.

17. Answering ¶ 17, admit that the City of Oshkosh Common Council is a governing body existing and operating pursuant to Wisconsin law.

18. Answering ¶ 18, admit that John Zarate is employed as the Chief Building Official for the City of Oshkosh, and that he has acted consistent with his authority and within the scope of his employment at all times. With respect to all remaining allegations, deny Plaintiffs' description is either complete or correct.

## JURISDICTION AND VENUE

19. Answering ¶ 19, deny Plaintiffs' description is either complete or correct.

20. Answering ¶ 20, deny Plaintiffs' description is either complete or correct.

21. Answering ¶ 21, deny Plaintiffs' description is either complete or correct.

22. Answering ¶ 22, lack knowledge and information sufficient to form a belief as to the allegations contained therein and therefore deny the same putting Plaintiffs specifically to their proof thereon.

## FACTS

23. Answering ¶ 23, admit.

24. Answering ¶ 24, deny Plaintiffs' description is either complete or correct.

25. Answering ¶ 25, admit that the Common Council approved the ordinance on September 15, 2016 and that the ordinance was adopted as Sections 16-47 – 16-51 of Division 6 of the City Ordinances. With respect to all remaining allegations, deny Plaintiffs' description is either complete or correct.

26. Answering ¶ 26, deny Plaintiffs' description is either complete or correct.

27. Answering ¶ 27, deny Plaintiffs' description is either complete or correct.

28. Answering ¶ 28, admit.

29. Answering ¶ 29 and all bullet-points, deny Plaintiffs' description is either complete or correct. As further answer, deny Plaintiffs' rights were violated or infringed upon by these Answering Defendants.

30. Answering ¶ 30, deny Plaintiffs' description is either complete or correct.

31. Answering ¶ 31, deny Plaintiffs' description is either complete or correct.

32. Answering ¶ 32, lack knowledge and information sufficient to form a belief as to Plaintiffs' real estate ownership and therefore deny the same putting Plaintiffs specifically to their proof thereon. The remainder of this paragraph states conclusions of law for which no answer is required and to the extent any factual assertion is made, deny Plaintiffs' description is either complete or correct. As further answer, deny Plaintiffs' rights were violated or infringed upon by these Answering Defendants.

## COUNT I
## DECLARATORY RELIEF – FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION – UNCONSTITUTIONAL SEARCH AND SEIZURE

33. Answering ¶ 33, repeat, re-allege and incorporate by reference herein all allegations, averments, denials and affirmative defenses contained within this responsive pleading.

34. Answering ¶ 34, this paragraph states conclusions of law for which no answer is required and to the extent any factual assertion is made, deny Plaintiffs' description is either complete or correct. As further answer, deny Plaintiffs' rights were violated or infringed upon by these Answering Defendants.

35. Answering ¶ 35, this paragraph states conclusions of law for which no answer is required and to the extent any factual assertion is made, deny Plaintiffs' description is either complete or correct. As further answer, deny Plaintiffs' rights were violated or infringed upon by these Answering Defendants.

36. Answering ¶ 36, deny Plaintiffs' description is either complete or correct. As further answer, deny Plaintiffs' rights were violated or infringed upon by these Answering Defendants.

37. Answering ¶ 37, this paragraph states conclusions of law for which no answer is required and to the extent any factual assertion is made, deny Plaintiffs' description is either complete or correct. As further answer, deny Plaintiffs' rights were violated or infringed upon by these Answering Defendants.

38. Answering ¶ 38, deny Plaintiffs' description is either complete or correct. As further answer, deny Plaintiffs' rights were violated or infringed upon by these Answering Defendants.

39. Answering ¶ 39, deny.

40. Answering ¶ 40, deny.

41. Answering ¶ 41, deny.

42. Answering ¶ 42, deny.

43. Answering ¶ 43, deny.

44. Answering ¶ 44, deny.

## COUNT II
## DECLARATORY RELIEF – VIOLATIONS OF WIS. STAT. § 66.0104(2)(D) AND (E), WIS. STAT. § 66.0119 AND WIS. STAT. § 66.0628

45. Answering ¶ 44, repeat, re-allege and incorporate by reference herein all allegations, averments, denials and affirmative defenses contained within this responsive pleading.

46. Answering ¶ 46, deny.

47. Answering ¶ 47, this paragraph states conclusions of law for which no answer is required and to the extent any factual assertion is made, deny Plaintiffs' description is either complete or correct. As further answer, deny.

48. Answering ¶ 48, this paragraph states conclusions of law for which no answer is required and to the extent any factual assertion is made, deny Plaintiffs' description is either complete or correct. As further answer, deny.

49. Answering ¶ 49, deny.

50. Answering ¶ 50, deny.

51. Answering ¶ 51, deny.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to Plaintiffs' Complaint, these Answering Defendants respectfully submit the following:

a. the injuries and damages sustained by Plaintiffs, if any, may have been caused in whole or in part by their own acts or omissions and/or their failure to mitigate;

b. the injuries and damages sustained by Plaintiffs, if any, may have been caused in whole or in part by the acts or omissions of persons other than these Answering Defendants;

c. Plaintiffs' Complaint contains claims which fail to state a claim upon which relief may be granted as against these Answering Defendants;

d. Plaintiffs' state-law claims are subject to the limitations, prerequisites and immunities under Wis. Stat. § 893.80 including monetary caps, prohibition on punitive damages and notice requirements;

a. some or all Plaintiffs may lack standing or some or all claims may be moot, and such lack of standing or mootness may deprive the Court of jurisdiction;

b. some or all Plaintiffs may not be entitled to equitable or declaratory relief because there is no substantial or immediate irreparable injury or a justifiable controversy;

c. these Answering Defendants reserve all other affirmative defenses which may be waived if not pled and the right to amend this Answer to assert additional defenses as discovery proceeds.

WHEREFORE, these Answering Defendants respectfully request judgment as follows:

a. For a dismissal of Plaintiffs' Complaint upon its merits;

b. For the costs and disbursements of this action;

c. For reasonable actual attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. For such other relief as this Court deems just and equitable.

Dated this 2nd day of February, 2017.

**ARENZ, MOLTER, MACY, RIFFLE & LARSON, S.C.**

Attorneys for Defendants, City of Oshkosh, City of Oshkosh Common Council and John Zarate

By: /s/ Samantha Schmid
REMZY D. BITAR
State Bar No: 1038340
SAMANTHA SCHMID
State Bar No: 1096315

720 N. East Avenue
Waukesha, WI 53186
O: (262) 548-1340
F: (262) 548-9211
E: rbitar@ammr.net
sschmid@ammr.net